IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                     No. 2:25-cr-01430-MIS

LUIS JESUS ESCOBEDO-MOLINA,

    Defendant.

**ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on a *sua sponte* review of the record. On May 16, 2025, Defendant was charged with three misdemeanor crimes: Illegal Entry Without Inspection in violation of 8 U.S.C. § 1325; Penalty for Violation of Security Regulations in violation of 50 U.S.C. § 797; and Entering Military Property in violation of 18 U.S.C. § 1382. The Honorable Damian L. Martinez, United States Magistrate Judge for the District of New Mexico, held a detention hearing on May 16. Pursuant to his authority under the Bail Reform Act, 18 U.S.C. § 3142, Judge Martinez ordered that Defendant be released with conditions pending his trial. Defendant pleaded guilty to the first count, Illegal Entry Without Inspection, and was sentenced to time served. This case has been set for trial on the latter two counts beginning July 21, 2025. In light of the foregoing facts, the Court orders as follows:

1.    The Government shall advise the Court as to the current whereabouts of Defendant, as far as they are known; specifically, whether Defendant is currently in ICE custody (and the location and circumstances of that detention), and whether Defendant has been removed from the United States.

2.    If Defendant has been removed from the United States:

a. The Government shall advise the Court as to what steps it has taken (for example, issuing parole documents) to ensure the Defendant may reenter the country to stand trial in this District consistent with Federal Rule of Criminal Procedure 43; and

b. The Government shall SHOW CAUSE as to why the pending charges should not be dismissed. If he has been removed, Defendant's absence from the United States (an absence caused by the federal government) implicates several of Defendant's constitutional and statutory rights.[1] Defendant may be unable to prepare a defense, resulting in possible violation of his rights under the Fifth Amendment's guarantees of fundamental fairness as well as his rights to assistance of counsel and to review the evidence against him under the Sixth Amendment. Defendant may also suffer violations of his right to a speedy trial under both the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment. *See, e.g.*, *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1137-38 (M.D. Fla. 2015) (adopting magistrate judge's report and recommendation, holding that the defendant's removal violated his Fifth and Sixth Amendment and Speedy Trial Act rights and dismissing indictment without prejudice); *United States v. Galvan-Orea*, 766 F. Supp. 3d 740, 745-46 (E.D. Mich. 2024) (holding that the defendant's removal "impeded [his] Fifth Amendment right to due process and Sixth Amendment right to counsel" and dismissing indictment without prejudice); *United States v. Castillo*, 537 F. Supp. 3d 120, 127-28 (D. Mass. 2021) (holding that the defendant's removal violated his Fifth Amendment right to due process and Sixth Amendment right to counsel, and that indefinite delay in trial would violate his right to a speedy trial under the Sixth Amendment and Speedy Trial Act and dismissing indictment without prejudice); *United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 920-21 (D. Ariz. 2020)

---

[1] The Court acknowledges that a defendant may consent in writing to his or her absence from trial for a misdemeanor offense pursuant to Federal Rule of Criminal Procedure 43(b)(2). However, upon review of the docket in this case, the Court has found no such written consent to a trial *in absentia*.

(holding that the defendant's removal caused violations of her Sixth Amendment rights to confer with counsel and to a speedy trial and dismissing indictment with prejudice); *United States v. Ferreira-Chavez*, No. 1:20-cr-00145-BLW, 2021 WL 602822, at *1-6 (D. Idaho Feb. 12, 2021) (same); *United States v. Urizar Lopez*, 587 F. Supp. 3d 835, 843-46 (S.D. Iowa 2022) (finding that delay where the defendant had been removed from the United States constituted a violation of the defendant's Sixth Amendment rights and dismissing indictment with prejudice).

Such violations of constitutional and/or statutory rights may warrant dismissal of the charges. *See generally United States v. Hasting*, 461 U.S. 499, 505 (1983) ("Guided by considerations of justice, and in the exercise of supervisory powers, federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress. The purposes underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and finally, as a remedy designed to deter illegal conduct." (cleaned up)). In response to this Show Cause Order, the Parties shall additionally explain whether dismissal, should the Court determine it is warranted, ought to be with or without prejudice.

The Government shall respond to this Order by **June 23, 2025**. Defendant shall respond to the Government by **June 30, 2025**. The Court will not entertain motions to extend these deadlines.

                                                                                      *Margaret Strickland*
                                                                                      **MARGARET STRICKLAND**
                                                                                      UNITED STATES DISTRICT JUDGE